USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
TRUSTEES FOR THE MASON TENDERS DISTRICT :
COUNCIL WELFARE FUND, PENSION FUND, :
ANNUITY FUND and TRAINING PROGRAM FUND, :
and ANN GUTSIN, in her fiduciary capacity as Director, : 21-cv-831 (LJL)
ROBERT BONANZA, as Business Manager of the :
MASON TENDERS DISTRICT COUNCIL OF : ORDER
GREATER NEW YORK, :
:
                         Petitioners, :
:
      -v- :
:
FRASER CONSTRUCTION, INC., :
:
                         Respondent. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Petitioners, Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund and Training Program Fund (the "Funds"), and the Mason Tenders District Council of Greater New York (the "Union" or "MTDC") move the Court pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 to confirm and enforce an arbitration awarded entered against Respondent Fraser Construction, Inc. ("Fraser Construction"). Dkt. No. 1.

## BACKGROUND

      Fraser Construction was party to the Local 66 Trade Agreement (the "Local 66 Agreement"), which bound it to the Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement (the "CBA") for all work performed in New York City. Dkt. No. 1 ¶ 6. The CBA requires participating employers to pay contributions to the Funds for all employees covered by the CBA. *Id*. ¶ 7.

A dispute arose concerning Fraser Construction's failure to meet its obligations to make contributions to the Funds as required under the CBA. *Id*. ¶ 14. On or around July 1, 2019, the Funds referred the dispute to Arbitrator Joseph Harris for arbitration. *Id*. ¶ 14. A hearing was held on January 7, 2020. *Id*. ¶ 16. No one appeared on behalf of Fraser Construction. *Id*. The Funds argued that Fraser Construction should pay $7,788.76 in unpaid fringe benefits, $829.44 in unpaid dues and PAC contributions, $1,729.05 in audit costs, and $1,616.20 in current interest. *Id*. The Funds requested that Respondent further be ordered to pay ERISA liquidated damages, attorney fees, and arbitration costs. *Id*.

On February 7, 2020, the Arbitrator issued an award ordering Fraser Construction to pay the Funds the amounts requested in fringe benefits, unpaid dues and PAC contributions, audit costs, and current interest. Dkt. No. 1, Ex. A. The Arbitrator additionally ordered Fraser Construction to pay $3,232.40 in ERISA liquidated damages, $500.00 in attorneys' fees, and $1,100.00 in arbitration costs. Dkt. No. 1 ¶ 17. The total amount of the Award was thus $16,795.85.

Since the issuance of the Award, no payments have been made. *Id*. ¶ 18. On January 29, 2021, Petitioners filed their Petition in this case, seeking an order confirming and enforcing the Award in its entirety and directing entry of judgment against Fraser Construction, in the amount of $16,795.85 with statutory interest plus any legal costs incurred in confirming and enforcing the Award. *Id*. ¶ 19. Respondent was ordered to file its opposition to confirmation of the arbitration award by March 24, 2021, Dkt. No. 7, but it did not do so.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying

2

materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id*. at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks omitted)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary material is presented*." *Id*. The burden on the petitioner to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id*. (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

Based on a review of the materials submitted by Petitioners and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioners are entitled to confirmation of the award. Fed. R. Civ. P. 56(a). In addition, the Court finds that Petitioners are entitled to attorneys' fees and costs incurred in connection with the Petition and Amended Petition. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (quoting *Trs. Of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)).

## CONCLUSION

For the reasons stated above, the Petition is GRANTED. The Award is confirmed, and

3

the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondents in the amount of $16,795.85, with statutory interest to accrue from the date of the entry of judgment, plus attorneys' fees and costs incurred in connection with the Petition as well as any costs incurred in enforcing the judgment entered by the Court.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 28, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge